HARVEY SCHUETZ, Plaintiff-Appellee, *v.* GRACE DOLES, Defendant-Appellant.

(No. 71-91;

Fifth District—August 21, 1972.

R. Michael Fischer, of Alton, for appellant.

James R. Heil, of Alton, for appellee.

PER CURIAM:

Defendant appeals from an order of the Circuit Court of Madison County denying her motion to set aside a default judgment entered against defendant and for a new trial.

Defendant, after having filed an answer, failed to appear at the docket call and a trial was held immediately thereafter, resulting in a directed jury verdict for the plaintiff upon which the court entered a verdict for plaintiff in the amount of $669.53.

The explanation for failure to appear without advising the court given by defendant is that the previous attorney withdrew without advising the court only two days prior to the trial, that the case was tried a day earlier than it was set, and that no negligence should be attributed to defendant. There is no appellee's brief and hence no contradiction.

Defendant submits that she is entitled to relief under Ill. Rev. Stat., ch. 110, par. 50, which provides among other things, "The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

In our opinion, the trial court abused its discretion in refusing to set aside the default judgment entered. Therefore, the judgment of the trial court is reversed and this case is remanded for a new trial on all the issues.

Reversed and remanded.